## Sidney Green v. Garhardus H. Langdon and others.

*Chancery appeals: Questions of fact: Evidence: Practice.* Where on a chancery appeal involving only questions of fact, the evidence is conflicting and apparently nearly equally balanced, and the testimony has been taken in open court, so that the court below had an opportunity to weigh the testimony in the light of the appearance, manner and deportment of the witnesses in giving the testimony, the decree below will not be reversed.

*Mortgages: Indorsements: Gifts: Extinguishment.* Indorsements made in consideration of kindness, by the direction and in the presence of a mortgagee, of part payments upon a mortgage against his grand-daughter and her husband, with whom he was living at the time, and which were in accord with his deliberate and expressed intention to make a gift or donation of his property to her, are sustained as an extinguishment or forgiving of the mortgage debt to that extent.

*Gifts: Delivery: Acceptance: Testamentary disposition: Consideration.* The objection that as this was a gift *inter vivos*, delivery and acceptance were essential to its validity is not sustained; though such is the rule where tangible personal property, admitting of actual delivery, is the subject of the gift, and possibly where the whole mortgage debt is donated, a delivery of the note and mortgage, or one of them would be essential, yet where the gift is only of a portion of the sum due, and is made to the debtors themselves, it does not admit of a technical delivery, and the intention of the donor ought not on that ground to be defeated.

But in this case the donor evidently contemplated the transaction as a disposition in view of his own death, and it must therefore be considered as somewhat in the nature of a testamentary disposition ; and in this view the donation was one for which the donor recognized in the kindness of the donees in caring for him something in the nature of a consideration, one at least satisfactory to himself.

*Gifts: Acceptance: Presumption : Receipt: Release : Consideration: Retraction.* The purpose and intention of making the gift having been fully executed, and by one of the donees actually accepted at the time, the acceptance by the other, of the extinguishment of part of a debt against himself, may well be presumed; and the giving of a receipt or a release without consideration, under our statute (*Comp. L.*, § *5947*), making the seal no more than *prima facie* evidence of a consideration, would no more prevent the donor from retracting the gift than the indorsement of the amount as a payment.

*Admission : Tender.* The admission of a tender in this case "of the interest on five hundred dollars" is construed, in the light of the pleadings and facts, to mean the interest due after allowing the indorsements which reduced the amount to that sum, although it slightly exceeded the interest on that sum for the year.

*Heard October 17.     Decided October 23.*

Appeal in Chancery from Hillsdale Circuit.

*James S. Galloway* and *G. A. Knickerbocker,* for complainant.

*E. L. Koon* and *A. L. Millard,* for defendants.

CHRISTIANCY, CH. J.

Complainant, as the administrator of Moses Dillon, deceased, filed his bill to foreclose a mortgage executed by defendants, Garhardus Langdon and Francina, his wife, to said Moses Dillon, dated the 25th day of August, 1870, upon forty acres of land in Hillsdale county, which Dillon had conveyed to Garhardus Langdon ; the mortgage being given for one thousand five hundred dollars of the purchase money, payable five years from the date of the mortgage, with interest thereon at ten per cent. per year, payable annually. The mortgage was accompanied by the promissory note of Garhardus Langdon. Dillon, the mortgagee, died on the 11th day of November, 1870, and complainant, having been appointed administrator, filed this bill on the 28th day of February, 1872, to foreclose for the amount of

one year's interest (one hundred and fifty dollars), which he claimed to have become due on the 25th of August, 1871.

The defense relied upon was, that Dillon had at two different times between the execution of the mortgage and his death, indorsed, or rather directed said Francina E. Langdon, who was his grand-daughter, who had kept house for him, and to whom he was much attached, to indorse upon the mortgage the amount of one thousand dollars, in two sums, one of four hundred and one of six hundred dollars, and that she had done so under his direction and in his presence, for the purpose, and with the intention, on his part, of forgiving or donating so much of the mortgage debt, and to extinguish it to that extent; and that the defendant Ferguson, to whom the mortgaged premises had in the meantime been conveyed by Langdon and wife, had, on the 9th day of September, 1871, tendered to the complainant the sum of sixty dollars, the amount due for the first year's annual interest, and thereby to that extent extinguished the lien of the mortgage.

It was proved upon the trial that Dillon had, on the 25th day of August, 1870, (the date of the mortgage), conveyed to said Francina (the wife of Garhardus Langdon) one-half of his farm, including, as we judge from the evidence, the dwelling house; and there was no proof that for this conveyance there was any pecuniary consideration paid, but that she had executed back to him a life lease free of rent; and that Dillon had for a short time before, and did afterwards to the time of his death, live in the house with said Garhardus and Francina; that on the same day he also conveyed to said Garhardus the other half of his farm, and that this mortgage was given for the purchase money, or part of the purchase money for this last conveyance; but there was evidence tending to show, and we think such was the fact, that the sum agreed to be paid by Garhardus for the conveyance to him was two thousand dollars; that five hundred of it was paid, and that the mortgage was given for the balance, fifteen hun-

dred dollars, and that the property so conveyed to Garhardus was not worth over sixteen hundred dollars at the time.

It was claimed on the part of the complainant, and he introduced evidence tending to show, that Dillon was an intemperate man, about sixty-seven years old, and that at the time of the conveyances mentioned, and afterwards when these indorsements on the mortgage were claimed by the defendants to have been made, he was incompetent, from drunkenness, for the proper transaction of business; that after, if not also before the execution of the deeds, and while Dillon was living in the same house with defendants Garhardus and Francina, said Garhardus encouraged him in his habits of drinking, and furnished him liquor and drank with him, and that both he and his wife wished to get rid of him, and were anxious for his early death.

Complainant also claims, and there was some evidence tending to show, that said Francina, the grand-daughter of Dillon, had at all times access to his papers, and that she had made the indorsements on the mortgage without his direction.

On the other hand the evidence on the part of the defendants strongly tended to show his entire competency to transact business; his strong attachment to his grand-daughter, Francina, his hostility to his own children, with whom he declared he could not live, his deliberate purpose to give most of his property to Francina, or to her and her husband, because she had shown more sympathy for him, and lived with and kept house for him, took care of him and treated him better than his own children had done; and that he repeatedly declared his intention of so arranging his affairs that his children should not have his property. And there was strong evidence, both direct and circumstantial, that the endorsements were made upon the mortgage by said Francina at his own suggestion and request and in his presence, and that after they were made he declared his satisfaction with and approval of them; that they were made for the deliberate and intelligent pur-

pose of donating and extinguishing so much of the mortgage debt.

Upon all of these questions the testimony is very conflicting, and judging of it only as it appears upon paper, it would seem upon some of these questions to be nearly equally balanced; though we think, upon the whole, after a careful examination, there is a slight preponderance in favor of the case as claimed by the defendants. We are quite satisfied of the competency of Dillon, and of his deliberate purpose not to allow his property to go to his children; and we are inclined to the belief, from the evidence, that the indorsements upon the mortgage were made at his suggestion, by his direction, and in his presence, for the purpose already stated. Upon this point especially the credit to be given to the conflicting testimony would depend greatly upon the appearance, manner and deportment of the witnesses, in giving their testimony. Of these means of estimating the weight due to the evidence of the respective witnesses we are deprived. And as all the evidence was given in open court, in the county in which the witnesses and the judge resided, we think it right to say that his finding is entitled to much weight, and ought not to be overruled, where the evidence appears to us to be so nearly balanced.

He found the evidence in favor of the defendants, and dismissed the bill, and from our own view of the evidence we cannot reverse his decree upon the ground that his finding upon the evidence was erroneous.

We must therefore hold that the indorsements constituted a gift or donation, or rather, an extinguishment or forgiving of the mortgage debt to that extent, unless there be some rule of law which, notwithstanding the intention of the donor to make the gift, or effect the extinguishment, prevents its taking effect as such.

It is objected, however, by the counsel for the complainant, that this being a gift *inter vivos*, delivery and acceptance were essential to its validity; and that as here was no

28 MICH.—29.

delivery, it could not take effect.   Doubtless such is the
rule where the gift consists of tangible personal property
which admits of actual delivery; and the same rule would
probably apply where the notes or bond of a third person
is the subject of the gift.   Whether, if the whole mortgage
debt, in the present case, had been the subject, delivery of
the note and mortgage, or one of them, would not have
been essential to its validity, we need not inquire.   In the
present case it was but a part of the sum secured by the
note and mortgage, and the attempted donation was to the
debtors themselves.   And it is difficult to conceive how any
delivery could have been made.   But it is said that there
must have been a delivery of the papers, or of a release or
receipt for the portion of the debt intended to be given;
because, without something of this kind, it would have
been in the power of the donor to retract; and this he
might doubtless have done, if this had been an executory
agreement undertaking to make this gift.   But here the
purpose and intention of making the gift was fully exe-
cuted, and by one of the donees actually accepted at the
time; and the acceptance by the other, of the extinguish-
ment of a part of a debt against himself, may be very
safely presumed.   And if it remained in the power of the
donor to retract, it would have been equally so, if purely a
gift, had a receipt been given, and equally so, for aught we
can discover, had a release been given, there being no con-
sideration, and under our statute (*Comp. L. of 1871*, § *5947*),
which makes the seal no more than *prima facie* evidence
of a consideration.   The want of consideration could, there-
fore, in either case, have been shown.

As the debt which was the subject of the gift, when
considered with reference to the fact that the donee was
the debtor, and that only part of the debt was attempted
to be given, did not admit of actual delivery, and as all
was done that could well be done, under the circumstances,
to render the gift effectual, we do not think the act and
intention of the donor should be defeated merely because

the subject did not admit of an actual or technical delivery.

But we think from the testimony the donor evidently contemplated the transaction as a disposition of his property in view of his own death, and that it must therefore be considered as somewhat in the nature of a testamentary disposition, and, in this view, the donation was one for which the donor recognized in the kindness of the donees, in taking care of him, something in the nature of a consideration, one at least satisfactory to himself. The gift must therefore be sustained.

The answer alleges a tender by Ferguson of sixty dollars as the interest (meaning for one year) due on the mortgage after the allowance of the indorsements. No testimony, however, was adduced upon this point; but the record states that "complainant admits that there was a tender of the interest on five hundred dollars, made to him before this suit was commenced, by Mr. Ferguson, one of the defendants," and this is all that appears in the proofs. But the interest on five hundred dollars for the year is but fifty dollars, while the indorsements were made, August 31st, 1870, six hundred dollars; October 17th, 1870, four hundred dollars. And the whole principal (one thousand five hundred dollars) drew interest to August 31st (six days), which is _____ $2 50

And nine hundred dollars drew interest from August
    31st to October 17th, 1870 _____ 11 50

And five hundred dollars from October 17th, 1870, to
    August 25th, 1871 (ten months, eight days), _____ 42 79

                                         $56 79

Deduct tendered as per admission _____ 50 00

                                          $6 79

The tender upon this basis was too little by six dollars and seventy-nine cents.

But as the language of the admission is a little ambiguous, when considered with reference to the pleadings and

the facts of the case, and the court must have understood the admission as intended to admit a tender of the interest due after allowing the indorsements which reduced the amount to five hundred dollars, or he could not have dismissed the bill, and we think it highly probable all parties must so· have understood it, and it does not appear that any objection was made on the ground that the amount was not sufficient, if the indorsements were allowed, we must consider the tender of the whole interest due as sufficiently proved. This tender destroyed the lien of the mortgage for interest accrued up to August 25th, 1871.

The decree of the court below dismissing the bill must therefore be affirmed, with costs.

The other Justices concurred.