A testator gave his residuary estate to certain collateral relatives, share and share alike, directing his executors, however, to deduct from their respective shares the amount of their respective indebtedness for moneys had by them from him in his lifetime, as should appear by his account books at the time of his decease. *Held*, that the provision was valid, and where testator's account books showed a balance entered five years prior to the execution of the will, against a certain residuary legatee on an account running over a period of more than nine years anterior thereto, the legatee was chargeable therewith.

2. ADVANCEMENTS—EVIDENCE.

A contention by a residuary legatee that moneys received by him and charged against him by the testator, who in his will provided that such amounts had by his residuary legatees, as shown by his account books, should be deducted from their respective shares, were intended as gifts, will not be sustained, where there is no evidence to support such contention, and where the testator did not stand in such relationship to the legatee as to create any such presumption.

Matter of the judicial settlement of the account of proceedings of Phebe Jane Twombly, as administratrix with the will annexed, etc., of William H. Fogg, deceased. Decree.

Joseph W. Howe, for administratrix.

Gerrit Smith, for Phebe Jane Twombly, individually and as administratrix, etc., of Horatio N. Twombly, deceased, and Sussan C. Twombly, as executor, etc., of John F. Twombly, deceased.

Charles M. Earle, for John F. Shorey and others.

Smith & Barker, for Nathaniel Conant.

Norwood & Dilley, for Lawyers' Surety Co.

Gilbert W. Minor, special guardian, for Howard M. Twombly.

ARNOLD, S. One of the residuary devisees named in the testator's will objects to the proposed distribution by the administratrix with the will annexed, as provided by the decree presented by her in

this proceeding, which is for a judicial settlement of her account. By the eighth clause of the said will the testator gives his residuary estate, from and after the decease of his wife, to certain collateral relatives, who are named, to be divided between them equally, share and share alike, directing his executors, however, to deduct from the said shares, respectively, of said legatees, as shall appear by his account books at the time of his decease to be indebted to him for moneys had by them from him in his lifetime, the amount of their respective indebtedness. A statement of the facts having been agreed upon, it appears that upon the account books of the testator there was at the time of his decease, and still is, a debtor and creditor account between him and the objecting residuary devisee, showing a balance in favor of the former and against the latter of $3,301.76. This balance is entered as of January 1, 1875, the preceding entries in the account running over a period of more than nine years anterior thereto. The will was executed on July 26, 1882. The decree presented by the accounting administratrix provides for the deduction of this balance from the distributive share of the devisee, and the latter excepts to such deduction, which exception is also joined in by another of the residuary devisees, who does not seem to have any pecuniary interest in common with the former in the controversy. It is claimed by these devisees that the provision of the will qualifying the legacies of the residuary estate by providing for a deduction therefrom to the extent of any indebtedness which should appear upon the testator's books at the time of his decease, against any legatee, is invalid, because it, in effect, says "that if any charge or paper shall be found, unattested, by which he shall declare that he does not give so much and diminishes his gift by what he shall thus say the legatee owes him, this charge on paper shall successfully contradict the language of the gift, thus altering and varying an attested by an unattested paper"; and they insist that the only cases in which a provision for a deduction from legacies of charges made in the testator's books of account have been held to be valid have been where the charges were of gifts made after the date of the instrument,—citing Langdon v. Astor's Ex'rs, 16 N. Y. 9, in support of their contention. In that case the testator, by one of the codicils to his will, which, by its terms, was made applicable to any subsequent codicils, declared: "Forasmuch as I may make advancements or beneficial provisions for persons or purposes provided for in my will and codicils, it is my direction that such advancements, if charged in my books of account, shall be deemed so much on account of the provision in my will or codicils in favor of such persons or purposes." It appeared that he had subsequently made certain beneficial provisions for the plaintiff (who was his daughter), which he charged in his books of account against her or her trustee. The court held that such provisions so charged were advancements on account of the legacies given by the will and codicils to her or for her benefit. While recognizing the rule that a testator cannot, in his will, reserve a right to qualify, by an unattested writing, a transaction which, at the time of such writing, shall have already passed and taken effect, or which was the act of

another person, so as by means thereof to affect legacies or other provisions in his testamentary papers, and that he cannot alter his will otherwise than by an instrument attested in the same manner as required to give it effect as a will, it was held that he may, nevertheless, make his testamentary gifts dependent upon the happening of any event in the future, whether in his lifetime or afterwards, and may provide that a legacy shall not be payable, if in his lifetime he shall give to the legatee an amount equal to such legacy, or add to the condition the further requirement that any advancement he may make shall, in order to make it applicable on account of the legacies, be charged to the legatee on his books of account. The qualification in respect to the legacies in that case, and the condition upon which it was provided that they should be reduced or extinguished, were that future advancements should be made to the legatee by the testator and charged upon his books as such; and whether such a condition was valid was the question passed upon by the court, which held that it was, and that it was no violation of the statute providing that a will could not be revoked or altered, except by an instrument executed with the same solemnities as required to be observed in the case of the will itself. In the case of Robert v. Corning, 89 N. Y. 225, the testator provided that any moneys or indebtedness which should appear upon any inventory, or ledger, or books of account kept by him or under his direction, charged as due to him from his residuary legatees, during his lifetime, and as an outstanding or unsettled account at the time of his decease, whether with or without security, should be considered as forming part of his residuary estate, and a discharge of such indebtedness by his executors should be deemed and taken as an equivalent to an equal amount paid such legatees, on account of their shares and portions under the will, and his executors were directed to deduct the amount of such indebtedness from such respective shares, but without interest, except in certain cases. The will was executed in January, 1878, and at the testator's decease there was found upon his books of account certain entries which were in existence at the time of the execution of the will, and of dates anterior thereto, showing certain debits charged to two of the legatees. The same argument was made there as here, that such provisions were in contravention of the statute and invalid, but the court (at page 241) held that they were valid, within the rule that a testator may direct that the amount of a legacy, once completely fixed by the will itself, shall be diminished by events actually occurring as matters of fact, but not by an unattested testamentary writing, disconnected from any actual occurrence, citing Langdon v. Astor's Ex'rs, supra; and that such provisions were intended to provide simply that any actual indebtedness found charged concurrently therewith on the testator's books of account should go in diminution of the payments to the several legatees as a part of their shares, respectively. Subsequently the accounts of the executors were presented to the surrogate's court of this county for judicial settlement, and the decision of the surrogate therein is reported in 4 Dem. Sur. 185, wherein he holds that the power of incorporating the contents of extraneous papers, by

suitable words of reference in a will, is undoubted, and subject only to the limitations that the party asserting such power to have been exercised must show the papers in question to have been in existence when the will was executed, and identify them as those to which the testator referred, and held that the amounts charged on the testator's books, appearing thereon at the time of his decease, were properly deducted from the shares of the legatees against whom they appeared to be made. The general term having affirmed the surrogate's decree, an appeal was taken to the court of appeals, and its decision is reported in 111 N. Y. 372, 18 N. E. 843. That court did not review or question the conclusion it arrived at when the will was before it for construction in 89 N. Y. 225–241, but reversed the judgment of the courts below upon the ground that the provision of the will directing a deduction from the legacies for indebtedness contemplated an actual indebtedness which might have been enforced by the testator in his lifetime, and did not include the advances which were entered in his books and charged to his children as advances. In Webster v. Gray, 54 Hun, 113, 7 N. Y. Supp. 266, the testator, after giving to his children certain property, provided that the bequests were to be so divided that the same equal division should be made between them by charging each of them with what he had theretofore advanced to them and each of them, and, in order to determine the advancements made to them, reference should be had in his books in which he had charged over to the children such advances made to them, and the time the same were made. The will was made in 1877. The testator died 10 years later. Before the execution of the will he had made three of his children advancements of varying amounts, all of which were charged in detail as matters of account in the book or books referred to by the testator in his will, but subsequently he entered at the foot of the accounts a memorandum of a settlement of such account in full. The court held that the entries in the books of account became, by the reference thereto in the will, a part of the will, while also holding that the accounts had been canceled and discharged, and that none of the advancements were chargeable to the devisees on the division of the estate, and that the claim that the entries in the books being made by such reference a part of the will could not be revoked or changed, except with the formalities requisite to the testamentary act, could not be sustained. In the present case there is nothing upon the face of the agreed facts, upon which it is submitted for decision, suggesting that the entries which had been made in the testator's books against the contesting legatee do not represent an actual legal indebtedness on his part to the testator. In the brief submitted in his behalf it is stated that the moneys received by him and charged in the account were intended as gifts, but there is no evidence sustaining such statement. The testator did not stand in such relationship to any of the legatees as to create any presumption that the amounts charged were intended as gifts. Upon the facts and the authorities, I must hold that these charges should be deducted from the share of the legatee to whom they are debited upon the testator's books. Decreed accordingly.