LEGGETT *v.* DAVISON.

1. WILLS—CONSTRUCTION—ADVANCEMENTS.

A will provided that all sums due to the testatrix from any of her children at her death should be deducted from their share of her estate, and in another clause stated that the share of a certain son was to be lessened to the extent of a specified sum which had been advanced to him; both clauses expressing an intention to forgive all "interest unpaid" at her death. *Held,* that the amount received by the son was treated by testatrix as a subsisting indebtedness; that it was her intention that so much of the sum should be deducted from his share as should remain unpaid at her death; and that it was competent for the son to show that the obligation had been discharged by gift from the testatrix.

2. GIFTS—FORGIVING INDEBTEDNESS—EVIDENCE.

The forgiving of a debt is sufficiently shown by the act of the creditor in canceling the evidence thereof, and returning it to the debtor, or, in case of its loss, by the delivery of a writing reciting that fact, and declaring the indebtedness discharged.

Error to Oakland; Smith, J.  Submitted April 8, 1902. (Docket No. 3.)  Decided June 17, 1902.

Appeal of William H. Leggett from an order of the probate court allowing the final account of Darius J. Davison, as executor of the last will and testament of Eliza S. Leggett, deceased.  From a judgment for contestant, the executor brings error.  Affirmed.

*Walker & Spalding*, for appellant.

*Bowen, Douglas & Whiting*, for appellee.

MONTGOMERY, J.  The will here involved contains the following:

"It is my will that all sums of money that may be due me from any of my children at the time of my death be

deducted from their share of my said estate, but that the interest due and unpaid at such time be considered as canceled and be not deducted.

"The share of my said estate here given to my son William is subject to advances heretofore made to him, and amounting in all to eleven hundred and fifty-five dollars ($1,155.00). I wish that all interest on this sum that is unpaid at the time of my death be not charged against him, but that the principal sum only be deducted. This sum he having already had, his portion of my estate will be lessened to that extent."

The indebtedness mentioned was evidenced by two notes, one for $955, originally secured by a mortgage, which had been discharged before the making of the will, the discharge stating that "said mortgage, given to secure $955, is fully paid, satisfied, and discharged." The amount of the other note was $200. The undisputed testimony showed that, after the making of the will, the testatrix forgave both debts, returning to William H. Leggett his note for $200, with the signature torn off, and the statement on the back, "This note has been paid," signed by testatrix, and writing him a letter clearly indicating that she forgave the indebtedness evidenced by the $955 note, though she could not find the note. The circuit judge ordered this indebtedness from William H. Leggett to be stricken from the list of assets of the estate, and that William H. Leggett share equally with the other beneficiaries in the distribution of the estate. The executor appeals.

It is appellant's contention that, by the terms of the will, a specific sum is to be deducted from the share of William to cover an advancement, and that the terms of the will cannot be changed except by a compliance with the statute of wills. This conclusion would be unavoidable if a proper construction of this instrument should be held to exclude the idea of a current indebtedness from William to the testatrix. But we do not so construe the instrument. The two clauses should be read together. From the two clauses it is apparent that the testatrix

treats the $1,155 advanced or loaned to William as a subsisting indebtedness, and intended that so much of the principal sum as remained unpaid at her death should be deducted. The word "unpaid," as applied to this indebtedness and used in this clause, means "remaining due." It would in no way conflict with the terms of this will to show that the indebtedness had in fact been paid. We think it was also competent to show that the obligation had been discharged in any other manner, as by a gift. *In re Bowman*, 38 Pittsb. Leg. J. (N. S.) 413; *Webster* v. *Gray*, 7 N. Y. Supp. 266. That it was competent to show that testatrix had made a gift by an acknowledgment and cancellation of the instruments evidencing indebtedness, see *Carpenter* v. *Soule*, 88 N. Y. 251 (42 Am. Rep. 248); *Gray* v. *Barton*, 55 N. Y. 68 (14 Am. Rep. 181); *Green* v. *Langdon*, 28 Mich. 221; *Holmes* v. *Holmes*, 129 Mich. 412 (89 N. W. 47). When this indebtedness was thus canceled it remained no longer unpaid, and was not unpaid indebtedness at the date of testatrix's decease.

The order appealed from is affirmed, with costs to be paid from the estate.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.