BEDNARSH v. WINSHALL.

1. ACCOUNTING—JOINT ADVENTURES.
   Record in suit for accounting *held*, to sustain trial court's finding
   that parties were engaged in a joint venture for the acquisi-
   tion, development, and sale of real estate.

2. SAME—APPEAL.
   Facts are reviewed *de novo* on appeal in suit for accounting.

3. SAME—BURDEN OF PROOF.
   Plaintiff has the burden of proof insofar as a right to be
   credited with any controverted item involved in a suit for
   accounting.

4. APPEAL AND ERROR—ACCOUNTING—JOINT ADVENTURES—BURDEN OF
   PROOF—EVIDENCE.
   Finding of trial judge in suit for accounting for alleged profits
   in joint venture for acquisition, development, and sale of real
   estate that plaintiffs had failed to sustain their burden of
   proof *held*, sustained under record presented.

5. SAME—QUESTION FOR TRIER OF FACTS—EVIDENCE—CREDIBILITY OF
   WITNESS.
   The Court of Appeals does not reverse a decree in suit for
   accounting based on a determination of fact, where the evidence
   taken in open court is conflicting and apparently evenly bal-
   anced, since the trial court has had the opportunity to weigh
   the testimony in the light of the appearance, manner, and
   deportment of the witnesses.

6. SAME—QUESTIONS REVIEWABLE—ACCOUNTING—BURDEN OF PROOF—
   LACHES.
   Issue of laches is not discussed on appeal, where determination
   of trial court was that plaintiffs had failed to sustain their

---

[1] 1 Am Jur 2d, Accounts and Accounting § 62.
[2] 1 Am Jur 2d, Accounts and Accounting § 64.
[3] 1 Am Jur 2d, Accounts and Accounting §§ 19, 62.
[4, 6] 1 Am Jur 2d, Accounts and Accounting §§ 62, 63.
[5] 1 Am Jur 2d, Accounts and Accounting §§ 62, 63; 5 Am Jur 2d,
    Appeal and Error §§ 831, 882.

burden of proof in suit for accounting for alleged profits in a joint venture in real estate.

Appeal from Oakland; Moore (Arthur E.), J. Submitted Division 2 January 4, 1966, at Detroit. (Docket No. 298.) Decided February 22, 1966. Rehearing denied March 24, 1966. Leave to appeal denied by Supreme Court May 26, 1966. See 377 Mich 712.

Bill by Charles Bednarsh and Jennie Bednarsh, his wife, against Jack W. Winshall and Phyllis Winshall, his wife, for an accounting with respect to joint venture in real-estate development. Bill dismissed. Plaintiffs appeal. Affirmed.

*Sugar & Schwartz,* for plaintiffs.

*Cooper & Baskin,* for defendants.

QUINN, J. Plaintiffs filed this action for an accounting on the theory that plaintiffs and defendants had entered into a joint venture in 1953 for the purpose of buying, developing, and selling a parcel of land in St. Clair Shores, Michigan. Plaintiffs contended that the venture resulted in a substantial profit and that they never received anything from the deal. Defendants claimed repayment of the original investment plus something in excess thereof and that there was no profit in the venture. Trial without a jury resulted in a judgment of no cause for action. Plaintiffs appealed from this judgment and from denial of their motion for rehearing.

Both sides agree that the appeal presents two issues. A condensed restatement thereof is: have plaintiffs met their burden of proof and are plaintiffs barred from recovery by laches?

For several years prior to 1953, the parties hereto had been friends and defendants had borrowed money from plaintiffs on occasion. No notes were given on these loans nor were written records kept so far as the record discloses. Some time in 1953, plaintiffs advanced cash to defendants to be applied by them on the down payment for real estate in St. Clair Shores, Michigan. Plaintiffs say this sum was $10,000; defendants say it was $6,000. No receipt was given for it, but the down payment was made and a land contract was executed to the parties hereto as vendees. Defendants were to develop and sell the real estate and any profits were to be divided equally between the parties. The land was developed and sold. Charles Bednarsh testified he signed deeds and contracts in the beginning of 1954 and that in the late fall of 1955 or the beginning of 1956, Jack Winshall told him all the money had been collected and there was a profit of $19,000 which was tied up in a different deal. The only testimony offered by plaintiffs was that of Jack Winshall and themselves. The only records produced were those of Winshall. His testimony and his records tended to show repayment and a loss on the project. The trial court found that the parties were engaged in a joint venture for the acquisition, development, and sale of this real estate. The record sustains this finding. At the close of plaintiffs' case, the trial court granted defense motion for directed verdict (properly for dismissal, see GCR 1963, 504.2) on the basis plaintiffs had failed with their burden of proof and were also barred by laches.

Recognizing that the facts are reviewed *de novo* on the record on this appeal, *Cullum* v. *Topps-Stillman's, Inc.* (1965), 1 Mich App 92, the burden of proof is plaintiffs insofar as they assert a right to be credited with any controverted item involved in

the accounting. *Barar* v. *Phillips* (1950), 328 Mich 267. In granting defense motion for dismissal, the trial court observed, "but unfortunately this does not overcome the fact that the case is almost completely devoid of credible testimony because of the paucity of normal evidence usually available in a case of this sort." A review of the record amply supports this observation. Controlling authority is aptly stated in *Green* v. *Langdon* (1873), 28 Mich 221 (syllabus): "Where on a chancery appeal involving only questions of fact, the evidence is conflicting and apparently nearly equally balanced, and the testimony has been taken in open court, so that the court below had an opportunity to weigh the testimony in the light of the appearance, manner, and deportment of the witnesses when upon the stand, the decree below will not be reversed."

This conclusion obviates discussion of the laches issue.

Affirmed, with costs to defendant.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.