GREENBAUM v. CITIZENS FEDERAL SAVINGS AND LOAN
ASSOCIATION OF PORT HURON.

1. MORTGAGES—ACCOUNTING—INTEREST—USURY—EVIDENCE.

Finding of trial court in accounting of mortgage loans that the loans were not usurious *held,* supported by the record, where the mortgages and notes involved provided for interest at 6%, and 7% when in default, and neither the original amounts of loan or total payments thereon were disputed (CL 1948, § 438.51 *et seq.*).

2. APPEAL AND ERROR—QUESTION FOR TRIER OF FACTS—CREDIBILITY OF WITNESS.

The Court of Appeals does not reverse a decree in suit for accounting based on a determination of fact, where the evidence taken in open court is conflicting and apparently evenly balanced, since the trial court has had the opportunity to weigh the testimony in the light of the appearance, manner, and deportment of the witnesses.

3. COSTS—DISCRETION OF COURT—NEITHER PARTY PREVAILING IN FULL.

The trial court did not abuse its discretion in denying costs to all parties, where neither party prevailed in full (GCR 1963, 526.1).

Appeal from St. Clair; Streeter (Halford I.), J. Submitted Division 2 June 2, 1966, at Detroit. (Docket No. 1,077.) Decided November 9, 1966. Rehearing denied December 15, 1966. Leave to appeal denied by Supreme Court February 21, 1967. See 378 Mich 751.

REFERENCES FOR POINTS IN HEADNOTES

[1] 55 Am Jur, Usury § 164.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3] 20 Am Jur 2d, Costs § 16.
Right to costs where judgment is against plaintiff on his complaint and against defendant on his counterclaim. 75 ALR 1400.

Complaint by Samuel R. Greenbaum and Jeanne H. Greenbaum against the Citizens Federal Savings & Loan Association of Port Huron to determine amounts due defendant on 2 mortgage loans. Judgment for defendant. Plaintiff appeals. Affirmed.

*Greenbaum, Greenbaum & Morganroth* (*Fred Morganroth,* of counsel), for plaintiffs.

C. J. *Sullivan,* for defendant.

J. H. GILLIS, P. J. When the parties hereto failed to agree on the amount owing by plaintiffs to defendant on 2 mortgage loans, plaintiffs filed this action and tendered into court the amount they claimed they owed defendant. Plaintiffs' amended complaint contained 2 counts, the first alleging usury and the second negligence. The relief prayed in count 1 was for a declaration by the court that one of the notes and mortgages was void for usury, return of the tender to plaintiffs or to such person as the court determined it belonged to, a determination that the entire indebtedness was paid and for delivery of the notes and mortgages for cancellation and discharge, and for an accounting. The relief prayed for in count 2 was money damages. By its answer, defendant denied the usury charge and the negligence and by cross-complaint asked for foreclosure. The trial court sitting without a jury made an accounting and found plaintiffs owed defendant $7,497.12 and gave judgment of no cause for action on plaintiffs' claims of usury and negligence. From this judgment plaintiffs appeal and request this Court to vacate and set aside the judgment, declare the mortgage loans usurious, cancel interest, and declare the notes and mortgages paid. In addition, they request an order disbursing the tender to plain-

tiffs, damages in the amount of interest paid and costs, including auditing expense. Plaintiffs raise no questions on this appeal as to the trial court's finding that defendant was not negligent and the no cause for action judgment on count 2.

We do not believe either party has accurately stated the issues on this appeal. We find them to be: Does the trial court's accounting include any usurious item, the accuracy of that accounting, and the propriety of nonallowance of costs to plaintiffs.

The mortgages and notes involved provided for interest at 6%, 7% when in default. Neither rate offends the usury statutes, CL 1948, § 438.51 *et seq.* (Stat Ann 1964 Rev § 19.11 *et seq.*). Neither the original amounts of the loans nor the total payments thereon were disputed, but defendant's records showed a different balance due than did the payment books produced by plaintiffs. Plaintiffs conceded that the original difference between the balance due as shown by defendant's records and the payment books of plaintiffs arose because the latter did not reflect an interest item disclosed on the former. Being in practical agreement with plaintiffs at this point and starting therefrom, the court computed the amount due. Interest was charged at 6%. We can find no usurious item the trial court used in arriving at his final computation, and the record sustains his finding that no usury is involved.

With respect to the accuracy of the accounting, we believe the test announced in *Green* v. *Langdon* (1873), 28 Mich 221 (syllabus), and adopted in *Bednarsh* v. *Winshall* (1966), 2 Mich App 355, controls. It is as follows:

"Where on a chancery appeal involving only questions of fact, the evidence is conflicting and apparently nearly equally balanced, and the testimony has been taken in open court, so that the court below had an opportunity to weigh the testimony in the

light of the appearance, manner, and deportment of the witnesses when upon the stand, the decree below will not be reversed."

As to the disallowance of costs to plaintiffs, they did not prevail and were not entitled to them as of course. GCR 1963, 526.1. The trial court did not abuse its discretion in denying costs to all parties.

Affirmed, with costs to defendant.

FITZGERALD and QUINN, JJ., concurred.