RHODE *v.* HASSLER.

EXECUTION—IRREGULAR SALE—REMEDY.

A purchaser of land against which a certificate of levy has been filed may obtain relief against an irregular sale of the interest of the judgment debtor by application to the court wherein the judgment was rendered, but a bill will not lie to set aside the levy and sale as a cloud upon his title.

Appeal from Wayne; Lillibridge, J. Submitted April 27, 1897. Decided May 25, 1897.

Bill by George Rhode against Frank H. Hassler to remove a cloud from title. From a decree dismissing the bill, complainant appeals. Affirmed.

In October, 1891, one Mary J. Hopper owned a tract of land situated in the township of Grosse Point, Wayne county, consisting of about 27 acres, and conveyed the same to four parties, of whom one Samuel Lyons was one. They soon after recorded a plat of a portion of this land, laid out in lots. The interest of Lyons was levied upon, and certificate of levy filed April 1, 1892, he at that time owning an undivided three-eighths. On May 10, 1892, complainant took a quitclaim deed of all the lots in said plat, except one. The consideration paid to Mrs. Hopper was $6,500. $2,500 was paid in cash, and the balance of the purchase price secured by a mortgage of $4,000.

January 23, 1893, the interest of Lyons in the land was sold to the defendant, Hassler, for $185, and a deed was executed January 23, 1894. On August 26, 1896, complainant filed this bill to set aside this levy and sale, and thereby remove a cloud from his title, upon the ground that Lyons' interest was sold in the entire subdivision, and not in lots as they were platted, in violation of section 6116, 2 How. Stat.

*William Look* and *Ira G. Humphrey* (*Edward Minock*, of counsel), for complainant.

*Thomas Hislop*, for defendant.

GRANT, J. The record of the levy was notice to complainant, and it is immaterial to determine when he had actual notice of the levy and sale. His agent was present at the sale, and knew that the interest of Lyons was sold as a whole. Complainant has mistaken his remedy. He should have applied to the court wherein the judgment was rendered to set aside the sale for the alleged irregularity. *Cavenaugh* v. *Jakeway*, Walk. Ch. 344; *Hoffman* v. *Buschman*, 95 Mich. 538.

The decree dismissing the bill is affirmed, with costs.

The other Justices concurred.