BROWN *v.* O'DONNELL.[1]

1. EXECUTION—IRREGULAR SALE—COLLATERAL ATTACK.
   An execution sale of land in one parcel, which should have been sold in separate parcels, is voidable only, and not void, and cannot be attacked in a collateral proceeding.

2. SAME—HOMESTEAD—APPEAL—QUESTION NOT RAISED BELOW.
   The question whether a sale under execution of two tracts as one parcel was void because one of the tracts was a homestead, not having been raised below, could not be considered on appeal.

Error to Marquette; Stone, J. Submitted January 12, 1900. Decided February 20, 1900.

Ejectment by Jennie E. Brown against Ellen O'Donnell. From a judgment for plaintiff, defendant brings error. Affirmed.

[1] Rehearing denied May 18, 1900.

Plaintiff obtained a judgment against the defendant. The sheriff, under the execution, levied upon the N. ½ of the S. E. ¼ of section 32, township 47 N., of range 24 W., Marquette county, and sold the land under the execution to the plaintiff as one parcel. The time of redemption expired, after which she instituted this action in ejectment. With her plea of the general issue, defendant gave notice that the N. E. ¼ of the S. E. ¼ of said section was and is a homestead, and owned and occupied by her as such, and was of the value of less than $1,500, and was, therefore, exempt from levy and sale upon execution. Defendant did not know of the sale until after the time of redemption expired. Upon the trial it was stipulated between counsel that as defendant was uncertain whether the improvements and the house were on the east or west 40 acres, and the evidence was conflicting, such house and improvements should be considered as being on the west 40 acres; and that, if the jury should find her entitled to a homestead exemption out of said premises, verdict and judgment should be in defendant's favor for the said west 40 acres, subject to the right of either party to move the court to amend the record to correspond with the fact, if it should be subsequently ascertained that such house and improvements were on the east 40. Plaintiff introduced evidence tending to show that no part of the premises was occupied as a homestead. That question was submitted to the jury, and the jury found that defendant was entitled to the homestead, and judgment was rendered for her as to the N. W. ¼, and for the plaintiff as to the N. E. ¼.

*J. L. Heffernan* (*E. J. Mapes*, of counsel), for appellant.

*Charles R. Brown & Son*, for appellee.

GRANT, J. (*after stating the facts*). The court instructed the jury, in accordance with the stipulation, that, if there was no homestead, plaintiff was entitled to a verdict for the whole amount; if there was a homestead,

plaintiff was entitled to a verdict for the 40 not claimed as a homestead.

While various statutes require separate tracts or parcels of land to be sold separately on judicial sales, we have uniformly held that such sales are voidable only, and not void, and cannot be attacked in collateral proceedings. *Rhode* v. *Hassler*, 113 Mich. 56 (71 N. W. 461), and authorities cited.

But the main contention now is that the sale is absolutely void, because one parcel was a homestead. Counsel for plaintiff assert that this question was not raised in the court below, and therefore cannot be urged here. The case was submitted to the jury upon the stipulation made at the close of the proofs. Defendant's counsel preferred no request. If counsel desired to present the question in this court, he should have raised it in the court below for adjudication. It cannot be raised here for the first time. It is a fair inference from the record that no such issue was there made. The question is an interesting one, and has never before been presented to this court. We do not, however, feel called upon to determine it upon this record. Under the issue presented to the court below, defendant obtained judgment for all the land to which she was entitled.

Other questions are raised, but we do not consider them of sufficient importance to discuss. We find no error in them.

Judgment affirmed.

The other Justices concurred.