## WOSINSKI *v.* RENIHAN.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUPREME COURT.
   Questions which the parties desire presented to Supreme Court
   should be raised in the court below for adjudication as ques-
   tions may not be raised on appeal for the first time.

2. SAME—QUESTIONS REVIEWABLE—HOMESTEAD RIGHTS OF WIDOW.
   Widow's claim that deed of administrator with will annexed of
   her late husband's estate was void on ground that she was de-
   prived of her homestead rights, first raised in Supreme Court,
   is not considered on appeal from decree dismissing bill in her
   suit to have deed declared void because property was sold for
   less than its real value, administrator was guilty of misrepre-
   sentations in connection therewith and court authorized sale
   prior to date set for hearing on petition for license to sell
   (Const. 1908, art. 14, §§ 2–4; 3 Comp. Laws 1929, §§ 14608,
   15844–15847).

3. SAME—STATEMENT OF QUESTIONS INVOLVED—BRIEF.
   Widow's claim that property of an estate was sold by adminis-
   trator with will annexed at less than its real value, not given
   in statement of questions involved, nor argued in her brief ex-
   cept by bare statement of sale at grossly inadequate price will
   not be considered (Court Rule No. 67, § 1 [1933]).

4. EXECUTORS AND ADMINISTRATORS—WAIVER OF NOTICE—CONSENT
   TO SALE OF REALTY.
   Waiver of notice and consent of widow to sale of real estate in
   her late husband's estate *held*, binding upon her, the record
   disclosing nothing to substantiate her claim that administrator
   with will annexed obtained same by means of fraudulent mis-
   representations.

5. SAME—SALE OF REALTY—WIDOW'S CONSENT—NOTICE TO HEIRS
   AND PERSONS INTERESTED IN ESTATE.
   Sale of realty will not be set aside on complaint of widow of de-
   ceased testator because of failure to give notice to testator's
   legatees, sons by a former marriage who were left $10 each

and were not complaining, where widow's sworn consent to sale asserts she was ready and willing to pay such legacies and that such legatees and herself were all of testator's heirs at law and persons interested in the estate.

6. Same—Sale of Realty Prior to Hearing on Petition for License to Sell—Widow's Consent.

Order of probate court authorizing administrator with will annexed to sell real estate prior to day originally set by the court for hearing on his petition for license to sell *held*, not invalid where widow's consent authorized sale forthwith, estate is ample to pay other legatees who are not complaining and no one appeared on day set for hearing to object to sale anyway (3 Comp. Laws 1929, § 15805).

Appeal from Kent; Brown (William B.), J. Submitted January 14, 1938. (Docket No. 33, Calendar No. 39,798.) Decided February 24, 1938.

Bill by Veronica Wosinski against Joseph Renihan, administrator of the estate of Bert P. Wosinski, deceased, John S. Kaminski and wife to set aside deeds, restrain eviction proceedings and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Carmody, Geib & Walsh,* for plaintiff.

*Norman A. Lilly,* for defendant Renihan.

*Harry L. Merdzinski (Sigmund S. Zamierowski,* of counsel), for defendants Kaminski.

Bushnell, J. Plaintiff, Veronica Wosinski, is the widow of Bert P. Wosinski, who, by his last will and testament, gave the sum of $10 to each of his two sons by a former marriage and the remainder of his property to his wife, Veronica. Wosinski was the owner of a business block in the city of Grand Rapids, consisting of two stores, with living apartments on the second floor, one of which was used

as a residence by him prior to his death and has since been occupied as such by his widow.

Subsequent to his marriage to Veronica, he mortgaged this property to the Home Owners' Loan Corporation as security for a loan of $2,566.97. He did not make the required monthly payments and for some time no taxes were paid.

Although named as executrix in Wosinski's will, the widow declined to serve and, at her request, defendant Joseph Renihan, a lawyer of many years' standing in the community, was appointed administrator, with the will annexed.

Plaintiff's bill of complaint avers that the only other property in her husband's estate was a vacant lot, of doubtful value, in Ottawa county, and some household furniture. According to the testimony, the building, which was the principal asset of the estate, produced very little revenue and was badly in need of repairs. The mortgagee threatened foreclosure, which, however, was withheld upon the insistence of Mr. Renihan while he was attempting to secure a buyer. A real estate broker procured an offer from defendants Kaminski in the sum of $5,000, and the administrator petitioned the probate court for authority to sell the same for such sum, less incumbrances, for the purpose of paying the debts and expenses of the estate.

On August 12, 1936, an order of publication was entered and the hearing on the petition was set for September 8th. Although Mrs. Wosinski was without business experience, she had completed the 8th grade of school and a three-year commercial course. She testified that the administrator asked her to sign a waiver of notice and consent for the sale and that, although she could read and write English without any difficulty, she did not see the printed part of the paper that she signed and took the ad-

ministrator's word that it was only for the purpose of saving a $5 publication fee. She insists that the paper to which she affixed her signature was a blank printed form and did not contain any other writing. Defendant Renihan strongly contradicted plaintiff's statements and said that about two weeks elapsed before plaintiff complied with his request. The widow's waiver and consent was filed on August 24, 1936, upon which showing the probate court entered an order authorizing the administrator to sell the property at private sale at the highest price obtainable but for not less than $5,000. Two days later the administrator reported that he had sold the property to Kaminski and wife for $2,433.03, "that being the highest price obtainable therefor and not less than the value thereof as determined by said court." On the same day the probate court entered an order confirming the sale.

One of the buyers testified that he "assumed the balance of the Home Owners Loan Corporation mortgage of $2,488.73," after Renihan had paid the instalments on the mortgage and the taxes to date. There being some question about the title to the property, the buyer reserved $150 of the proceeds to guarantee clearing the title, making the total consideration $5,000. Renihan paid the delinquent mortgage payments amounting to $260, and $500 in back taxes, and paid a commission of $250 to the broker. After the payment of the debts of the estate and expenses of administration, it is stated there will be between $300 and $400 left for plaintiff.

The record indicates that Mrs. Wosinski was dissatisfied with the administrator's handling of the estate before the property was sold. On October 24th she wrote Renihan a letter "dismissing" him as administrator and stating that she would act in

that capacity thereafter. She made it clear to Renihan that she would refuse to sign a quitclaim deed which had been requested by the buyers' attorney. Renihan replied to this letter, explaining in detail the reasons for the poor financial condition of the estate, et cetera.

A few months later, plaintiff filed the bill of complaint in the cause now before us, in which she asked that the administrator be restrained from disbursing any moneys and the buyers from prosecuting any eviction proceedings against her and that the court declare the administrator's deed null and void, et cetera. She claimed the right to such relief because, among other reasons, the property was sold for less than its real value and Renihan was guilty of misrepresentations with respect to the "consent and waiver;" also because the probate court authorized the sale prior to the date set for the hearing upon the petition for license to sell.

The matter was fully considered by the chancellor and his observations are set forth at length in the record. The opinion describes the property in detail, its value and income, and the circumstances under which the sale was had. The court concluded that there was "no collusion or conspiracy or conduct of any improper kind on the part of the purchaser or the grantee in the deed," and fully exonerated the administrator from the charge of bad faith. A decree was entered dismissing plaintiff's bill of complaint, confirming title in the Kaminskis and dissolving the injunction theretofore issued.

Nothing is said in the bill of complaint regarding any dower or homestead rights claimed by plaintiff, nor is there anything in the testimony with respect to such claims and they are raised for the first time in this court on appeal.

Plaintiff argues that she was not advised by Renihan as to her homestead rights and that they were entirely ignored by the probate court. She urges this court to set aside the sale as being in violation of the rights guaranteed her under the Constitution and laws of this State. See Const. 1908, art. 14, §§ 2, 3 and 4, and 3 Comp. Laws 1929, §§ 14608, 15844–15847.

May the question of homestead rights of a widow be raised for the first time in this court?

In *Brown* v. *O'Donnell*, 123 Mich. 100, an ejectment case, there was a levy on certain lands to satisfy a judgment obtained by plaintiff against defendant and they were sold thereunder as one parcel. At the trial the jury found that a portion of the land thus sold was occupied by defendant as a homestead and judgment was rendered for her as to such portion. Defendant claimed on appeal that the entire sale was void because of the inclusion of homestead land. This court said:

"Counsel for plaintiff assert that this question was not raised in the court below, and therefore cannot be urged here. The case was submitted to the jury upon the stipulation made at the close of the proofs. Defendant's counsel preferred no request. If counsel desired to present the question in this court, he should have raised it in the court below for adjudication. It cannot be raised here for the first time. It is a fair inference from the record that no such issue was there made. The question is an interesting one, and has never before been presented to this court. We do not, however, feel called upon to determine it upon this record."

See, also, *Griffin* v. *Johnson*, 37 Mich. 87, in which we declined to consider homestead rights where there was evidence given in the trial court but no finding made on this question. See, also, the gen-

eral statement in 3 C. J. p. 716, § 612, where the *Brown Case, supra,* is cited. In view of the foregoing, we will not pass upon plaintiff's claim that the administrator's deed was void on the ground that she was deprived of her homestead rights.

Plaintiff's claim that the property was sold for less than its real value is not given in her "statement of questions involved," nor is it argued in her brief except by the bare statement that "the premises were sold at a grossly inadequate price." This claim will not be considered. See Court Rule No. 67, § 1 (1933), and *Sebastian* v. *Sherwood,* 270 Mich. 339.

Appellant charges that her signature to the "waiver of notice and consent" was obtained by the administrator by means of fraudulent misrepresentations. Passing the question of whether this would affect the title of a *bona fide* purchaser, we have examined the record with more than the usual care and have found nothing therein to substantiate this charge. We are therefore in accord with the trial judge's exoneration of Mr. Renihan, the administrator. Plaintiff's waiver and consent were binding upon her.

The sale of real estate belonging to an estate for the purpose of paying debts and expenses of administration is authorized by 3 Comp. Laws 1929, § 15800 *et seq.* The provisions of the statute were complied with, except that the order authorizing the sale was entered about 15 days prior to the date set for the hearing on the petition. Section 15805 provides that the probate judge, at the time and place appointed for the hearing, or its adjourned date, "upon proof of the due service or publication of a copy of the order, or upon filing the consent in writing to such sale of all the persons interested, shall proceed to the hearing of such petition."

Even if testator's adult sons by a former marriage, who were given legacies of $10 each, are interested persons, these sons are not complaining, and plaintiff's signed waiver of notice and consent to sale says:

"We, the undersigned (Veronica Wosinski, widow and sole residuary legatee under last will and testament of said deceased except a bequest of $10 each to Joseph and Edward Wosinski, which I am ready and willing to pay) being all of the heirs at law of said deceased, and all of the persons interested in said estate, do hereby acknowledge due notice of the hearing on the petition of (Joseph Renihan) for (sale of real estate lot 10 block 2 L. G. Mason's add. and block thereon known as 705 and 707 Eleventh street N. W.) filed in said court herewith and waive further notice thereof, and do hereby consent to the granting of said petition forthwith (and sale at $5,000 or more) and being first duly sworn we do each severally depose and say that the above-named persons are all of the heirs at law of said deceased and all of the persons interested in said estate."

There being ample funds in the estate to pay the two $10 legacies, the sale should not be set aside because such legatees were not notified, especially since they are not complaining.

Mrs. Wosinski claims, however, that the probate court had no power to enter an order authorizing the sale of real estate prior to the day originally set by the court for the hearing on the administrator's petition for license to sell. We do not agree that the setting of a day for hearing limits the statutory jurisdictional powers of a probate court. The court had the power to enter the order of August 24th even though a later day had been previously designated. The only jurisdictional question here in-

volved is whether due notice of the day on which the order was actually made was given to or waived by interested parties and, if not, whether such notice may be dispensed with for some reason. It may be that Mrs. Wosinski's waiver of notice of the hearing set for September 8th did not constitute a waiver of notice of the hearing held at the earlier date on which the order authorizing the sale was made. But Mrs. Wosinski did more; she consented to an order for sale being entered "forthwith." This was waiver of all notice, for the only purpose of giving notice is to afford knowledge of the opportunity to object to the authorization of the sale. Nor may Mrs. Wosinski take advantage of the lack of notice to the legatees, for the reasons previously stated.

We note the following testimony given by Mr. Renihan on cross-examination, which is uncontradicted:

"I said in my report of sale that it was necessary to have it confirmed immediately because I was trying to save time, to get through with it. The sale was confirmed forthwith. I was present in probate court on September 8th but there was nobody else but me there. At that time I already had the license, but the notice was filed and if there was anybody interested in that estate, they could get relief, if that is what was coming to them. The order was made and the sale was confirmed before the date of the hearing, but on the showing of that, there isn't any question in my mind but what either one of the judges probably would set aside that and allow the hearing of it or any objection that might be made. No one appeared. The notice went through the full limit of time; no one appeared there to object to it.

"It is my claim that the probate court can make an order before the date of hearing where the interested parties consent to it. There was no waiver filed by the two legatees under the will at any time,

but they told me everything was all right; they approved of everything I was doing.''

The decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellees.

Wiest, C. J., and Butzel, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.