PRINCE v. PRINCE.

DIVORCE—EXTREME CRUELTY—BURDEN OF PROOF—EVIDENCE.
In husband's suit for divorce on the ground of extreme cruelty,
plaintiff *held*, not to have sustained his burden of proof where
defendant's testimony tended either to refute the various acts
relied upon by plaintiff to sustain his case or to establish that
her acts were provoked by his conduct.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 5, 1938. (Docket No. 46, Calendar No. 40,232.) Decided November 10, 1938.

Bill by Clyde Prince against Mabel Prince for an absolute divorce on grounds of extreme cruelty. Bill dismissed. Plaintiff appeals. Affirmed.

*Harry N. Grossman*, for plaintiff.

*J. Clair Wilson* (*Alexander Conrad*, of counsel), for defendant.

CHANDLER, J. The parties to this suit for divorce were married on November 24, 1927, and, aside from an occasional separation of a few days duration, lived together until November 27, 1936. One child, now eight years of age, was born of the marriage.

Plaintiff's bill of complaint alleges defendant to have been guilty of acts of extreme cruelty. The answer denied the allegations of the bill, and, upon hearing, the cause was dismissed by the trial court.

No benefit to anyone would ensue from a recital in detail of all of the evidence offered in support of plaintiff's case. Briefly, his proofs were intended to show that defendant was of a nagging and quarrelsome nature; that she forced plaintiff to live with her relatives; that she spit at him; that on two occasions she threatened to commit suicide; and that several times she had thrown various objects at him, including shoes and a pair of scissors.

Defendant's testimony tended either to refute the various acts relied upon by plaintiff to sustain his case, or to establish that her acts in the particular instances were provoked by plaintiff's conduct.

Considering the record in its entirety, it is our opinion that plaintiff has failed to sustain the burden of proof in support of his allegations of extreme cruelty.

The decree is affirmed, with costs to defendant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.