## GINDORFF *v.* GINDORFF.

1. DIVORCE—EXTREME CRUELTY—FALSE ACCUSATION OF IMPROPER RELATIONS WITH OTHER WOMEN.

False and unwarranted accusations by wife as to improper relations with other women on part of husband and interference by wife's parents in son's marital life would constitute grounds for divorce from wife on the ground of extreme cruelty.

2. SAME—EXTREME CRUELTY—UNPLEASANTNESS IN HOME.

Mere unpleasantness in the home life does not establish extreme cruelty as ground for divorce.

3. SAME—EXTREME CRUELTY—BURDEN OF PROOF.

In husband's suit for divorce on the ground of extreme cruelty, record *held*, to support finding of trial judge that plaintiff had failed to sustain burden of proof either as to alleged interference by wife's parents or that such accusations as she may have made as to his relations with other women were false and unprovoked.

4. SAME—EVIDENCE—FINDINGS OF TRIAL COURT.

When the testimony in a divorce case is conflicting, the findings of the trial court will be upheld in the absence of a definite showing that a contrary result should have been reached.

Appeal from Wayne; Richter (Theodore A.), J. Submitted October 23, 1940. (Docket No. 74, Calendar No. 41,260.) Decided December 10, 1940.

Bill by Joseph C. Gindorff against Evelyn Hamilton Gindorff for absolute divorce on ground of extreme cruelty. Bill dismissed. Plaintiff appeals. Affirmed.

*Toy & Newman,* for plaintiff.

*Payne & Payne* (*Kyle & Kyle,* of counsel), for defendant.

Chandler, J. This is a suit for absolute divorce, prosecuted by the husband on the charge of extreme cruelty. Defendant denies the charge, but asks for no affirmative relief. The bill was dismissed by the trial court and plaintiff is here on appeal.

The parties were married in 1925 and have three children now living, 8, 10, and 11 years of age. During the first three to four years of their married life, they lived with defendant's parents. Thereafter, and until plaintiff left defendant in December, 1934, they lived in homes of their own.

The cruelty claimed by plaintiff consists of alleged interference by the parents of defendant in his marital life and of uncalled for jealousy and false and unwarranted accusations by defendant as to plaintiff's relations with other women. Proof of these allegations would entitle him to a divorce for we have consistently held such conduct to constitute extreme cruelty.

It is apparent from the record that at an early stage in the marriage friction developed. This undoubtedly arose from the fact that they could not establish their own home but had, for financial reasons, to live with the parents of defendant. But mere unpleasantness in the home life does not establish a case of extreme cruelty. There is nothing in the record that would justify us in overruling the finding of the trial court that the parents of defendant did not interfere with the marriage. At most they can only be said to have been over-zealous in the attention and help they gave the young couple.

The further charge of cruelty involves the alleged unwarranted accusations made by defendant. These consist of charges that she was of a jealous nature and had accused plaintiff of having affairs with various women. The testimony of defendant in regard to this issue either tended to refute

the acts relied upon by plaintiff to sustain his case, or established that defendant's acts in the particular instances were provoked by plaintiff's conduct. We held in *Prince* v. *Prince,* 286 Mich. 518, where the testimony was similar to that now before this court, that plaintiff had failed to sustain the burden of proof.

It would serve no end to recite the evidence introduced by both sides, for plaintiff has made no showing to warrant a reversal of the decree. When the testimony is conflicting, the findings of the trial court will be upheld in the absence of a definite showing that a contrary result should have been reached. *Donaldson* v. *Donaldson,* 134 Mich. 289.

Upon consideration of the entire record, we find that plaintiff has failed to sustain the burden of proof.

The decree is affirmed, with costs to appellee.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.