BARAR *v.* PHILLIPS.

1. ACCOUNTING—BURDEN OF PROOF.
   The burden of proof is on plaintiff insofar as he asserts a
   right to be credited with any controverted item involved in
   his suit for accounting.

2. APPEAL AND ERROR—ACCOUNTING—FINDING OF TRIAL COURT.
   The finding of the trial judge who saw and heard the witnesses
   in a suit for accounting, that plaintiff was not entitled to
   credit for certain items or that defendant was entitled to
   certain credits, will be given consideration on the hearing
   *de novo* by the Supreme Court.

3. SAME—EQUITY—REVERSAL OF DECREES.
   Although the Supreme Court hears chancery cases *de novo* it
   does not reverse decrees made by a trial court unless convinced
   they are unfair and inequitable and not in accordance with
   the just rights of the parties.

4. ACCOUNTING—DISALLOWANCE TO PLAINTIFF—EVIDENCE.
   Disallowance by circuit judge of items aggregating $1,206.12 as
   a credit to plaintiff in suit for accounting is affirmed, where
   there was a conflict of testimony or a lack of persuasive
   testimony on behalf of plaintiff's claim.

5. SAME—ALLOWANCE TO DEFENDANT—EVIDENCE.
   Allowance by circuit judge of items aggregating $6,855.20 as
   credits to defendant in suit for accounting is affirmed, under
   record presented on plaintiff's appeal.

6. SAME—APPLICATION OF CREDITS—RECEIPT OF ITEM BY DEFENDANT.
   Failure by circuit judge to allow items aggregating $2,725
   as credits to plaintiff in his suit for accounting is affirmed,
   where it appears either that defendant applied what he re-

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur, Accounts and Accounting, § 61.
[2–6] 2 Am Jur, Appeal and Error, § 2.
[2–6] 3 Am Jur, Appeal and Error, §§ 815, 895.

ceived toward obligations incurred for the benefit of the
property the parties owned as tenants in common or that
defendant did not receive the item claimed.

Appeal from Oakland; Holland (H. Russel), J.
Submitted June 13, 1950. (Docket No. 72, Calendar
No. 44,532.) Decided September 11, 1950.

Bill by George Barar against John Phillips for an
accounting. From decree rendered for plaintiff, he
appeals. Affirmed.

*Francis K. Young,* for plaintiff.

*Howlett & Hartman,* for defendant.

North, J. Plaintiff Barar in this accounting suit
against defendant Phillips has appealed, claiming
he is entitled to a larger sum than was decreed due
him by the trial judge.

In 1920, these 2 parties agreed to become interest-
ed as tenants in common in completing the construc-
tion of a building which defendant had started on
Franklin road, in Pontiac. Both were to contribute
money and plaintiff was to perform some of the la-
bor. The building, which was designed to be used
in part for business and in part for living quarters,
was completed in 1921. At times one or the other of
these litigants occupied the premises, at least in
part, and conducted business therein, and at times
the property, or portions thereof, was rented to oth-
ers. Sometimes it was managed by Barar and some-
times by Phillips. Ultimately they had much diffi-
culty relative to an adjustment as between them-
selves, and finally this suit for an accounting was
commenced in April, 1939, and the final decree there-
in was entered in September, 1948.

At the outset of the litigation a very large number of items were involved, but as the result of an accounting being worked out by 2 auditors, 1 for each of the litigants, and decision of the trial court, only 19 controverted items totalling $10,786.32 are presented by appellant for our consideration.

In a case of this character the burden of proof is on plaintiff insofar as he asserts a right to be credited with any controverted item involved in the accounting, and the finding of the trial judge, who saw and heard the respective witnesses, that plaintiff is not entitled to credit for certain controverted items or that defendant is entitled to certain credits will, on our hearing *de novo,* be given consideration.  See *In re George L. Nadell & Co., Inc.,* 294 Mich 150.  In *Langdell* v. *Langdell,* 285 Mich 268, we reiterated by quotation from *Moore* v. *Moore,* 231 Mich 209, the following:  " 'We hear chancery cases *de novo;* but we do not, and should not, reverse decrees unless we are persuaded they are not in accordance with the just rights of the parties.' "  This rule was later noted and followed *In re George L. Nadell & Co., Inc., supra.*  In appellant's brief the controverted items in this accounting are presented in 3 groups which we consider separately.

GROUP 1. This group contains 8 separate items aggregating $1,206.12; and plaintiff claims the trial court was in error in not allowing plaintiff credit for any of these items.  We have carefully reviewed the record covering this group and find that as to each one of the items included therein there was a conflict of testimony or a lack of persuasive testimony on behalf of plaintiff's claim which justified the conclusion of the circuit judge that none of these 8 items should be allowed.

GROUP 2. This group includes 7 items which total $6,855.20.  From the testimony adduced the trial

judge concluded that defendant was entitled to credit for each of these 7 items in arriving at a result in the accounting. Plaintiff contends that in allowing defendant credit in the accounting for the above amount the trial court reached a wrong conclusion. Our review of the record as to each of the items under consideration brings the conclusion that plaintiff's claim in the above particular cannot be sustained.

GROUP 3. This group consists of 4 items aggregating $2,725, for which plaintiff claims he should be credited in this accounting. Plaintiff notes in his brief that the trial judge did not mention any of these items in his opinion; but nonetheless it plainly appears from the opinion of the trial judge that he did not consider that plaintiff, under the proofs submitted, had proven his right to be credited with any of the 4 items in this group. The first of the 4 items in group 3 is $1,600 which plaintiff claims should be charged against defendant as rental of the premises during the period that defendant occupied the first floor as a business place and rented the living apartments on the second floor. Evidently the court accepted defendant's testimony that under an agreement with the plaintiff, defendant for a period took over the management of the property and was to use the net income therefrom in payment of obligations incurred incident to the property. There is persuasive testimony that this arrangement was carried out, and in consequence we cannot say that the trial judge was not justified in the disposition he made of the $1,600 item. The other 3 items in group 3 are in various amounts for which plaintiff claims he should have credit as against defendant. But the record discloses that each of these 3 items represented an amount of rental which accrued against a tenant in the premises, but which amount was not paid by the

tenant to defendant. Obviously the trial judge was correct in disallowing each of such items.

It would serve no useful purpose to review the conflicting claims and the testimony pro and con, other than above, pertaining to the controverted items. Our review of the record convinces us that in this case, which involves only issues of fact, we would not be justified in reversing in any particular the holding of the trial judge who passed upon the credibility of the witnesses and the weight of the testimony. We cannot say that the determination of the issues of fact or any of them was "not in accordance with the just rights of the parties." The decree entered in the circuit court awarding plaintiff $571.03 is affirmed, with costs to appellee.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.