## VANDEN BOGERT v. MAY.

1. EXECUTION—USE OF FORCE—OUTER DOOR—INNER DOORS.
   An officer, seeking a judgment debtor's property for purpose of making a levy, has no right to force an entrance through the outer door of the debtor's home, but if he is lawfully admitted to the home, he is entitled to insist that inner doors be opened to enable him to make the levy as commanded by the writ and to use reasonable force if necessary to accomplish that result.

2. SAME—LOSS OF PRIVILEGE.
   A householder waives his right to close the outer door against an officer serving process, by allowing him to enter; and if

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur, Executions §§ 131, 132.
[1, 2] Right of officer to break into building to levy under execution. 57 ALR 210.
[3] 21 Am Jur, Executions § 134.
[4, 5] 3 Am Jur, Appeal and Error §§ 815, 885, 895, 912.

the officer once gains entrance through the outer door without force or fraud the privilege is gone, and he can force any other door open if necessary to make complete service of his process.

3. SAME—FORCIBLE ENTRY.
   Generally, an officer may force an entry into any enclosure except the dwelling house of the judgment debtor in order to levy a *fieri facias* on the debtor's goods.

4. APPEAL AND ERROR—DE NOVO REVIEW—CREDIBILITY OF WITNESSES.
   The Supreme Court hears equity cases *de novo*, hence must use its own judgment in passing on the evidence, but recognizes the better position of a trial judge to pass upon the credibility of witnesses and evaluating their testimony as they give it.

5. SAME—FINDINGS OF FACT—CHANCERY CASES.
   The findings of fact of the trial court in a chancery case will be upheld by the Supreme Court in the absence of a definite showing that a contrary result should have been reached.

6. EXECUTION—USE OF FORCE—EXEMPTION—EVIDENCE.
   Determination by trial judge that deputy sheriff had not used force in gaining entrance into plaintiffs' home when seeking goods upon which to make a levy and that the deputy undertook to perform his duty to the best of his ability and that articles having a value substantially greater than the amount of the exemption to which plaintiff, as judgment debtor, was entitled, were not taken *held*, justified under record presented.

7. SAME—RESIDENCE OF APPRAISERS—EXEMPTIONS—INJUNCTION.
   Fact that 1 of the 2 appraisers who accompanied defendant deputy sheriff in making a levy upon plaintiffs' property to satisfy a judgment was not a resident of the city in which plaintiffs resided, as required by statute *held*, not to justify relief to plaintiffs by way of injunction against sale of property taken in the levy, there being no showing that plaintiffs were deprived of any right to claim their exemptions and property having a greater value than the judgment debtor's exemption was excluded from the levy, and no showing made that the appraisal made was not fairly and honestly made nor motion to set aside the levy made in the court in which the judgment was entered (CL 1948, § 623.46).

Appeal from Kent; Brown (William B.), J. Submitted June 11, 1952. (Docket No. 73, Calendar No. 45,517.) Decided October 6, 1952.

Bill by John Vanden Bogert and wife against George E. May and others to restrain sheriff's sale and for return of personal property. Decree for defendants. Plaintiffs appeal. Affirmed.

*John M. Dunham,* for plaintiffs.

*Dilley & Dilley,* for defendants.

CARR, J. Plaintiffs brought suit in circuit court to obtain an injunction against the sale of certain personal property taken from their possession by defendant May under a writ of execution. In March, 1939, a judgment was entered in the justice court of Grand Rapids in favor of defendant West-Dempster Company and against plaintiff John Vanden Bogert. The judgment was not paid, and later a transcript thereof was filed in the circuit court of Kent county. Subsequently the judgment was renewed, the amount then being $247.23, together with costs in the sum of $42.10. To enforce such judgment the writ of execution involved in the instant controversy was issued under date of April 16, 1951, and was delivered to defendant May, a deputy sheriff, for service. At the time defendant Blacklock was sheriff of the county.

A levy was made on personal property in the office of Mr. Vanden Bogert but was abandoned because the appraised value of the articles on which such levy was made did not exceed the judgment debtor's exemptions. Subsequently defendant May, accompanied by an attorney for the West-Dempster Company, went to the home of plaintiffs for the purpose of making a levy there. The testimony is in

dispute as to what occurred at the time. However, a levy was made on certain items of property found by the officer in the home, and such items were removed from the premises.

Plaintiffs then instituted the present suit, claiming in their bill of complaint that the deputy sheriff had forced his way into the home, that what was done by defendants constituted an abuse of process, and that the levy was void. Injunctive relief against the sale of the property was asked, together with an award of damages to which plaintiffs' claimed they were entitled on the theory that defendants were guilty of trespass. On the filing of the bill of complaint a temporary injunction was granted, restraining the sale until further order of the court. Defendants by answer denied the material allegations of fact set forth in plaintiffs' pleading. After listening to the testimony and the arguments submitted on the trial, the trial judge determined the facts substantially in accord with the claims of the defendants and entered a decree setting aside the temporary injunction, denying to plaintiffs the relief sought by them, and dismissing the bill of complaint. Plaintiffs have appealed.

On the trial of the case it was the claim of the plaintiffs, as set forth in their bill of complaint, that defendant May had forced his way into their home in spite of the fact that his attempt to enter was resisted. They claimed also that after entrance through the front door of the building had been effected further physical force was resorted to by defendant May, aided and abetted by police officers whom he had caused to be summoned, to compel plaintiffs to open inner doors. It is conceded by defendants that there was difficulty within the home, involving the use of physical force on the part of the deputy sheriff as well as by plaintiffs, the pur-

pose of the latter being to prevent the making of a levy on their property.

Defendant May and the attorney who accompanied him to plaintiffs' home testified positively that no force was used to effect an entrance into the building. They claimed in substance that Mr. Vanden Bogert, after they had knocked 3 or 4 times, opened the outer door, and that they entered peaceably and without the use of any force whatever on their part. This conflicting testimony presented an issue of fact for the determination of the trial judge, who obviously came to the conclusion that plaintiffs had not sustained the burden of proof resting on them. He, therefore, found that the entering of the home was not illegal, that defendants were attempting in good faith and by legal means to enforce payment of the judgment, and that there was no abuse of process.

The crucial question in the case is whether the proofs can be said to establish that defendant May forced entrance to the home of the plaintiffs through the outer door. It is conceded that under the law of the State he had no right to do so. If the officer was lawfully admitted to the home he was entitled to insist that inner doors be opened to enable him to make the levy as commanded by the writ and to use reasonable force if necessary to accomplish that result. In *Stearns* v. *Vincent,* 50 Mich 209, 219, 220 (45 Am Rep 37), it was said:

"The protection of the dwelling against entry for the service of process is in the outer door only, and it is optional with the owner to take it by closing the door against the officer, or to waive it by allowing him to enter. If the officer once gains entrance through the outer door without force or fraud, the privilege is gone, and he may force open any other door if necessary to make complete service of his process."

The above statement is in accord with the general rule set forth in 33 CJS, p 242, as follows:

"As a general rule an officer may force an entry into any enclosure except the dwelling house of the judgment debtor in order to levy a *fieri facias* on the debtor's goods; and even in the case of the debtor's home, when the officer is once inside, he may break open inner doors or trunks to come at the goods."

The legal proposition involved is discussed at some length in an annotation in LRA 1916D, p 281 *et seq.* It is there said, in part:

"The common law, both in England and America, jealous of intrusion upon domestic peace and security, regards every man's house as his castle and fortress as well for his defense against injury and violence as for his repose. It is this ancient and well-known principle that underlies the whole law of the right to break and enter a dwelling house to serve a civil writ or process. Accordingly, therefore, the authorities are substantially agreed that, as a general rule, in the absence of statute, the outer door or other outside protection to a dwelling house may not, even after request and refusal of admittance, be broken or forcibly entered in the execution of a civil writ or process, either against the person or property of the householder, except, perhaps, at the suit of the King. Of course, if the door or other protection is open, and the officer can enter peaceably without force and violence, he may do so; and being lawfully in the house, he is justified in using such force as is necessary to overcome any resistance he may meet with in the service of the process, being responsible only for the excess beyond what is necessary to enable him to accomplish his purpose."

In the making of the levy Mr. Vanden Bogert refused to assist in any way, and declined to assert his exemption rights. It is the claim of the defendants,

however, that the other plaintiff claimed certain articles of furniture as her property, and that in each such instance no levy thereon was made. It is further claimed that she cooperated, to some extent at least, in determining what property should be regarded as exempt. The proofs offered on behalf of defendants indicated that articles having a value appreciably greater than the amount of the exemption to which the judgment debtor was entitled were not taken under the writ. Under the circumstances we think that the conclusion of the trial judge that the deputy sheriff undertook to perform his duty to the best of his ability was fully supported by the record made on the trial.

While we hear equity cases *de novo* on the record made in the trial court, and in consequence must use our own judgment in passing on the evidence, we recognize that the trial judge had an opportunity to observe the witnesses as they gave their testimony in court and was therefore in a better position than we are to pass on the credibility of such witnesses and to evaluate the testimony of each. In *Gindorff* v. *Gindorff*, 295 Mich 469, 471, it was said:

"When the testimony is conflicting, the findings of the trial court will be upheld in the absence of a definite showing that a contrary result should have been reached. *Donaldson* v. *Donaldson*, 134 Mich 289."

Among numerous cases of like import are: *Lau* v. *Lau*, 304 Mich 218; *Eicholtz* v. *Grunewald*, 313 Mich 666; *Steketee* v. *Steketee*, 317 Mich 100. On the record before us we cannot say that the determination of the facts by the trial judge was not in accordance with the just rights of the parties. Such being the situation, we would not be justified in reversing the decree entered. *Barar* v. *Phillips*, 328 Mich 267.

Appellants claim further that one of the appraisers who valued the different items of property at the time of the levy was not a resident of the city of Grand Rapids. The answer of the defendants conceded that such was the fact. On the trial of the case counsel for plaintiffs cross-examined the other appraiser, who was called as a witness by defendants, with reference to the matter. The testimony given was not conclusive, the witness indicating that 'the alleged nonresident appraiser lived outside of the city at times and inside the city at other times. Assuming on the basis of the pleadings that said appraiser was not a resident of the city, as specified in CL 1948, § 623.46 (Stat Ann § 27.1546), the facts in the instant case do not justify or require the granting of equitable relief to plaintiffs on that ground. No claim is made that Mr. Vanden Bogert was deprived of any right to claim his exemptions. Under testimony that the trial judge found to be credible, the deputy sheriff, assisted by Mrs. Vanden Bogert, excluded from the levy property having a greater value than the amount of the judgment debtor's exemption. There is no showing that the appraisal was not fairly and honestly made, or that plaintiffs were in any way prejudiced. Neither does it appear that any motion to set aside the levy was made in the court in which the judgment was rendered. See *Rhode* v. *Hassler,* 113 Mich 56.

The decree of the trial court is affirmed. Defendants may have costs.

DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.