MASTERS *v.* CONSUMERS POWER COMPANY

1. APPEAL AND ERROR—EQUITY—FINDING OF FACT.

   The Court of Appeals has not only the right but the duty to weigh all the evidence in an equity cause and reach an independent conclusion; but it will not disturb a trial court's finding of fact, particularly where there is a sharp conflict in the evidence, in the absence of a clear showing that a wrong conclusion has been reached.

2. EVIDENCE—BEST EVIDENCE—ORIGINAL DOCUMENT—MAP—EASEMENTS.

   Admission into evidence of a copy of a certain easement map without a proper explanation being given as to the loss of the original document was proper where, even though plaintiffs requested production of the original document, they failed to request an explanation for the failure to produce the original map, stated they had no objection to the admission of the copy, and agreed to its admission into evidence (GCR 1963, 310.3).

3. APPEAL AND ERROR—EQUITY.

   The Court of Appeals will not, in the absence of manifest injustice, substitute its judgment for that of the trial court where the lower court's decision is supported by competent evidence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 5 Am Jur 2d, Appeal and Error § 839.
[2] 29 Am Jur 2d, Evidence § 471.
[5] 25 Am Jur 2d, Easements and Licenses § 7 *et seq.*

4. APPEAL AND ERROR—EQUITY—EASEMENTS.

   Plaintiffs' contention that trial court's findings of fact were
   contrary to the great weight of the evidence is without merit
   where a complete review of the record fails to indicate any
   manifest injustice in the court's decision and where despite
   the plaintiffs' contention that they did not read a right-of-way
   easement agreement they executed, the record indicates they
   were familiar with the fact that the executed agreement neither
   complied with the original proposal nor with the plaintiffs'
   original position.

5. EASEMENTS—RESCISSION—MISTAKE—FRAUD.

   Contention on appeal that defendants were to be reimbursed for
   all costs incurred in relocation of their power lines by the
   Federal highway commission is not determinative of the plain-
   tiffs' allegations of fraud and mistake such as would justify
   rescission of a right-of-way easement.

Appeal from Allegan, Chester A. Ray, J. Sub-
mitted Division 3 May 6, 1970, at Grand Rapids.
(Docket No. 6,420.) Decided November 27, 1970.

Complaint by Alois A. Masters and Frances
Masters, against the Consumers Power Company
for rescission of an easement. Judgment for de-
fendant. Plaintiffs appeal. Affirmed.

*Russell & Ward,* for plaintiffs.

*Hoffman & Hoffman,* for defendant.

Before: HOLBROOK, P. J., and BRONSON and
MUNRO,* JJ.

MUNRO, J. In this case plaintiffs seek to set
aside. a written right-of-way easement, granted to
the defendant, which plaintiffs acknowledge having
executed. Plaintiffs seek rescission on the grounds
that the right-of-way easement was obtained by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

fraud or that plaintiffs were mistaken as to the area covered by the easement, and that accordingly there was no meeting of the minds and thus no valid agreement.

This being an equity case this Court has not only the right but the duty to weigh all of the evidence in this cause and reach an independent conclusion. *Papin* v. *Demski* (1969), 17 Mich App 151.

Having weighed the evidence and reviewed the record in this matter we find that the facts involved in this matter are: the defendant's right-of-way buyer, a Mr. Clark, contacted plaintiffs in April of 1962 relative to obtaining a right-of-way easement across plaintiffs' land for the relocation of defendant's power line caused by the construction of highway I–196. Plaintiffs, who had purchased the property in 1961 and had planned to use the property for music festivals and recreational purposes, objected to the proposed pole line and suggested a different location which would not interfere with plaintiffs' plans for development of their land. Defendant's right-of-way buyer told plaintiffs he could not change the proposed line but would go over plaintiffs' proposal with defendant's engineering department and contact the plaintiffs later. On June 19, 1962, defendant's right-of-way buyer again contacted plaintiffs with a compromise location of the power pole line which, after much discussion, was reluctantly agreed to by plaintiffs and the right-of-way easement was executed by plaintiffs that day and later duly recorded.

Plaintiffs contend in part that the trial court committed prejudicial error in admitting a copy of a certain easement map into evidence without a proper explanation having been offered relative to the loss of the original document. While there is

no question but what the exhibit offered by defendant was not the original, the fact is that plaintiffs failed to require defendant to either produce the missing map or to explain their failure to do so. Plaintiffs had requested production of the map but failed to pursue their rights with regard to an explanation for failure to produce as provided in GCR 1963, 310.3 and, in fact, at the time of trial plaintiffs stated they had no objection to the admission of the exhibit as a copy of the construction map. At no time during the trial did plaintiffs object to its admission and, in fact, agreed thereto.

It is now too late for plaintiffs to claim that it was incompetent evidence. *Dusendang* v. *Thompson* (1966), 2 Mich App 526. The trial court found that the map as admitted in evidence indicated the right-of-way purchased by the defendant, and the issue was sharply contested at trial. This Court will not, particularly where there is a sharp conflict in evidence, disturb the trial court's finding of fact in the absence of a clear showing that a wrong conclusion has been reached which has not been shown in this matter. *Steketee* v. *Steketee* (1947), 317 Mich 100.

The plaintiffs in this case were not uneducated individuals but were business people who had been engaged in business for a number of years and, in this Court's opinion, there was no showing of overreaching or fraud on the part of the defendant. The credibility of the witnesses is for the trier of the facts and since the trial court had an opportunity to observe the witnesses at the trial, and the trial court's decision is supported by competent evidence, this Court will not, in the absence of manifest injustice, supplant its judgment for that of the trial court.

A complete review of the record fails to indicate any manifest injustice in the decision of the trial

court, nor is this Court able to say that the evidence preponderates contrary to the decision of the trial court. *Parcells* v. *Burton* (1969), 20 Mich App 457; *Osius* v. *Dingell* (1965), 375 Mich 605.

The contention of the plaintiffs that the trial court's findings of fact were contrary to the great weight of the evidence has been considered by this Court and while the plaintiffs in this case indicate that they did not on June 19, 1962, read over the right-of-way easement agreement which was executed by them, in considering the testimony as presented by both parties relative to the controversy over the line location, it is difficult to believe that plaintiffs did not, in fact, read over the agreement. The testimony fully indicates that plaintiffs were familiar with the fact that the right-of-way agreement, although modified from the initial proposal of the defendant, did not comply with the original position of the plaintiffs. It is this Court's opinion that the record amply sustains the trial court's finding that there was no proven fraud nor such mistake at the time of the execution of the right-of-way agreement as to call for the cancellation of the written easement which plaintiffs agree was executed by them.

As to plaintiffs' contention that the trial court erred in its findings of fact that defendant would be reimbursed for all relocation costs incurred by defendant through the Federal highway commission, while we agree that the record is devoid of such specific proof, the record does show defendant's relocation plans were subject to strict regulation by the Federal highway commission. We find that whether or not defendant was fully reimbursed by the Federal highway commission is not determinative of plaintiffs' allegations of fraud and mistake

and does not result in manifest injustice to the plaintiffs.

Affirmed. Costs to the defendant.

All concurred.