## MOLSKI v MOLSKI

1. CONTRACTS—DEEDS—MORTGAGES—RESCISSION—CANCELLATION OF INSTRUMENTS—EVIDENCE.

Cancellation and rescission of a deed, bill of sale, and a mortgage between the parties was properly granted where the evidence showed that plaintiff, a 77-year-old woman who could neither read nor write English and could speak it only with some difficulty, was not aware of the exact terms of the agreement, and had not agreed to the unusual provision in the mortgage that the debt would be cancelled upon her death.

2. CONTRACTS—LEGAL CAPACITY—WITNESSES—CREDIBILITY—APPEAL AND ERROR.

When questions of a party's capacity to contract, of mistake, and of misunderstanding of the contract terms depend upon the credibility and appearance of witnesses, an appellate court will not, absent a manifest injustice, supplant its judgment for that of the trial judge who had an opportunity to hear and observe the witnesses.

3. CONTRACTS—INTENTION—CONFLICTING TESTIMONY—JUDGE'S FINDINGS.

Findings of a trial judge will be upheld where the testimony is conflicting in the absence of a showing that a contrary result should have been reached; specifically, a finding that plaintiff, a 77-year-old illiterate woman, was telling the truth when she

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 149.

55 Am Jur 2d, Mortgages § 462 *et seq.*

[2] 5 Am Jur 2d, Appeal and Error § 884.

[3] 5 Am Jur 2d, Appeal and Error § 834.

[4] 61 Am Jur 2d, Pleadings §§ 201, 314–316.

[5] 4 Am Jur 2d, Appeal and Error § 312.

61 Am Jur 2d, Pleadings §§ 309, 313.

[6] 13 Am Jur 2d, Cancellation of Instruments § 66.

[7] 17 Am Jur 2d, Contracts §§ 485, 512–515, 519.

Action involving rescission or right to rescind contract and to recover amount paid thereunder as one at law or in equity. 95 ALR 1000.

testified that she did not understand what she had signed or what the contract terms were, where the parties' testimony conflicted as to what they had intended when they contracted.

4. CONTRACTS—REFORMATION—PLEADINGS—AMENDMENT—DISCRETION.

Refusal to allow defendants to amend their pleadings to ask for reformation of a deed, bill of sale, and mortgage was not an abuse of discretion where reformation would have made a new contract for the parties, the plaintiff objected because of the unpleasantries which had made the living arrangements which were part of the transaction intolerable to her, and the defendants had refused to reform the documents until they realized that they had lost the case.

5. PLEADINGS—AMENDMENT—DISCRETION.

The granting or refusal of permission to amend pleadings is within the trial judge's discretion and, in the absence of an abuse of that discretion, his rulings will not be disturbed on appeal.

6. JUDGMENT—SETTLEMENT—ENTRY—HEARING.

The settlement and entry of a judgment cancelling and rescinding a deed, bill of sale, and mortgage was proper where the record showed that two hearings were held at which defendants were represented by an attorney, the judgment embodies the provisions in an opinion of the trial court which had been previously filed, and defendants had been apprised of the terms of the judgment.

7. CONTRACTS—RESCISSION—DAMAGES.

A party who rescinds a contract can generally receive nothing beyond restitution, and the trial court properly disallowed recovery for loss or injury to property during defendants' possession, rental values for the period following judgment and during the time for appeal, damages for the rescinding party's maintenance, and credit for taxes remaining unpaid at the time possession is returned.

Appeal from Presque Isle, Philip J. Glennie, J. Submitted Division 3 November 9, 1972, at Grand Rapids. (Docket No. 12625.) Decided November 28, 1972. Leave to appeal denied, 389 Mich 782.

Complaint by Paulina Molski against Chester

Molski and Leah Molski for cancellation and rescission of a deed, bill of sale, and discharge of mortgage covering real and personal property. Judgment for plaintiff. Defendants appeal. Affirmed.

*Elmer L. Radka,* for plaintiff.

*Leo J. Henry,* for defendants.

Before: R. B. Burns, P. J., and Holbrook and Danhof, JJ.

Per Curiam. This case involves a suit for cancellation and rescission of a deed, bill of sale, and discharge of mortgage, such instruments all being a part of a real and personal property transaction by plaintiff with defendants. Plaintiff, at the time of the commencement of this action, was a 77-year-old woman who could neither read nor write English and could speak it only with some difficulty. Defendants are plaintiff's son and daughter-in-law. The trial court entered a judgment for the plaintiff. We affirm.

In the spring of 1966, plaintiff's husband died. She offered to sell the 551-acre farm on which she resided to the defendants. Plaintiff offered to sell the land, the livestock and the machinery and buildings to defendants for $15,000, although their value was approximately $50,000. Part of the incentive for plaintiff's generosity in this matter was the agreement that she could reserve a life estate in the homestead 40 acres.

Plaintiff claimed that she was not aware of the exact terms of the agreement other than the fact that she was to receive $15,000 and that she would retain a life estate in the homestead 40 acres. Defendants, on the other hand, claimed that the

documents were read to her and that she understood them.

Trouble arose at a later date when plaintiff, apparently through one of her daughters, became aware of the fact that defendants were required to pay her $350 a year rather than the $1,000 a year which she thought they had agreed upon. Furthermore, plaintiff claimed she did not agree to the clause which stated that the mortgage debt was to be cancelled upon her death. Defendants refused to reform the agreement. Plaintiff moved out of her home and brought suit seeking cancellation of these instruments.

The trial court granted rescission, ordered defendants to reconvey the personal and real property, ordered defendants to pay plaintiff $473.92 which they had received for oil and gas lease payments, and credited defendants for the $2,350 held by plaintiff's attorney as their payments to plaintiff. The trial court denied plaintiff's request for rents and profits and allowed defendants to remain in possession of the property pending appeal. Defendants have appealed from the trial court's granting of rescission and plaintiff has appealed the denial of relief in the form of rents, profits and other incidental damages.

Defendants contend that the trial court's decision was against the great weight of the evidence. An examination of the trial record reveals that the question of incapacity to contract and of mistake and misunderstanding basically turned upon the credibility and appearance of the witnesses. The trial judge had an opportunity to hear and observe the witnesses. Consequently, this Court will not, in the absence of manifest injustice, supplant its judgment for that of the trial court. *Masters v Consumers Power Co,* 28 Mich App 67, 70 (1970).

Basically, the case involved only the testimony of the two sides as to what they intended when they contracted. It is well settled that when testimony is conflicting the findings of the trial court will be upheld in the absence of a showing that a contrary result should have been reached. *Green v Bambrick,* 331 Mich 243 (1951); *Vanden Bogert v May,* 334 Mich 606 (1952). Here the trial court heard a 77-year-old woman, obviously illiterate, state that she did not understand what she was signing or what the terms of the agreement were. The trial judge was in the best position to determine who was telling the truth. His decision was not against the weight of the evidence.

Defendants also claim they should have been allowed to amend their pleadings to reform the documents. Throughout the trial defendants steadfastly refused to reform. They asserted that the transaction was valid and that they meant to hold plaintiff to it. Only when it appeared they had finally lost did they offer to reform. In any event, the trial judge held that to allow reformation would be to make a new contract for the parties and this he could not do. Plaintiff objected to reformation. One of the basic reasons for selling the property to defendants had been the living arrangement which had been worked out. Three years of unpleasantries had made the living arrangement intolerable and the court would not make a new contract. The granting or refusal of permission to amend the pleadings is within the discretion of the trial court, and, in the absence of abuse of that discretion, the ruling of the trial court will not be disturbed. *Hardaway v Consolidated Paper Co,* 366 Mich 190 (1962). There was no abuse of discretion in this instance.

Defendants contend that the case should have

been reopened so that the testimony of the abstractors who drew up the documents might be taken. Once again, we must defer to the discretion of the trial court. *Cowan v Anderson,* 184 Mich 649 (1915). There was no abuse in this case.

Defendants also contend that the procedure for settlement and entry of judgment was improper in that they did not have a hearing on the proposed terms of judgment. A reading of the proceedings below reveals that two such hearings were held (May 4 and May 27, 1970) when defendants were represented by their first attorney. Thus defendants had a full opportunity to discuss terms. The judgment as entered on June 1, 1971 almost exactly embodies the provisions enumerated in the trial court's supplemental opinion filed on August 28, 1970. Defendants were fully apprised of the terms of the judgment and had two opportunities to be heard.

Plaintiff, as cross-appellant, contends that the judgment which she obtained below should have been supplemented, pursuant to her motion, in order to provide for an accounting pending appeal; for a dollar amount to be assessed for any loss or injury to her property during defendants' possession; for rental value of her farm lands, machinery, and home for the time period following judgment entry and including time for appeal; for damages due to plaintiff's having to maintain herself in a house trailer; and for allowance of a credit to plaintiff for all taxes which remain unpaid on the premises at the time she is given possession of the property.

In 17 Am Jur 2d, Contracts, § 519, p 1007, it is stated:

"A party who rescinds a contract can generally receive nothing beyond restitution. He is not entitled to

recover any profit or to enforce any obligation depending for its existence upon any provision in the contract."

In the instant case the trial court's judgment adequately provided for the return of all of plaintiff's property and for incidental relief in the form of payment by defendants of the sum of $473.92 received by them for oil and gas lease payments and the judgment also ordered defendants to be responsible for any money owing to the abstract office.

Rescission is a harsh remedy. In considering the nature of plaintiff's claim and the relative hardships of the parties, this Court is of the opinion that the interests of justice and of equity would not be served by awarding the damages prayed for by plaintiff to supplement the trial court's judgment. Plaintiff is adequately protected by the $15,-000 surety bond which the trial court ordered defendants to post pending appeal.

Affirmed. Costs to plaintiff.